IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 9, 2008

**KEITH SALTER v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Shelby County**
**Nos. 01-04363, 01-04364    John T. Fowlkes, Jr., Judge**

**No. W2008-00189-CCA-R3-PC - Filed December 1, 2008**

The petitioner, Keith Salter, appeals the Shelby County Criminal Court's denial of his petition for post-conviction relief from his convictions for Class C felony theft, Class D felony theft, and evading arrest and resulting effective twenty-seven-year sentence. On appeal, he contends that he received the ineffective assistance of trial counsel. Based upon the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA McGEE OGLE, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. McMULLEN, JJ., joined.

R. Andrew Hutchinson, Memphis, Tennessee, for the appellant, Keith Salter.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; William L. Gibbons, District Attorney General; and Rachel Newton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

We glean the following facts from this court's opinion in the petitioner's direct appeal: About 5:30 a.m. on February 7, 2000, Shelby County Police Officer James Patterson activated his emergency lights in an attempt to stop a white van with "Aerofoam" written on the side. State v. Keith Salter, No. W2004-01255-CCA-R3-CD, 2005 Tenn. Crim. App. LEXIS 572, at *3 (Jackson, June 7, 2005), perm. to appeal denied, (Tenn. 2005). The van's driver, who turned out to be the petitioner, refused to stop, and a chase ensued. Id. When the petitioner tried to drive the van between two buildings at Fairley High School, the van became wedged underneath an overhead

crosswalk. Id. at *5. The petitioner ran away from the van, and an officer tackled him. Id. Officer Peterson testified at trial that the petitioner told him and other officers that the petitioner was "driving the van for someone else in exchange for twenty dollars and a rock of crack cocaine." Id. at **4-5. The petitioner did not give the police a written statement. Id. at *5. The Aerofoam van had been stolen from Tech Aerofoam Products, Inc., and the police found five thousand dollars worth of electrical products, which had been taken from Cuttler-Hammer, Inc., inside the van. Id. at **6-7. The jury convicted the petitioner of two counts of theft of property valued ten thousand or more but less than sixty thousand dollars, a Class C felony; one count of theft of property valued one thousand dollars or more but less than ten thousand dollars, a Class D felony; and evading arrest, a Class E felony. Id. at **1-2. The trial court merged the Class C felony theft convictions and sentenced the petitioner to an effective twenty-seven years in confinement. Id. at *2. This court affirmed the petitioner's convictions and sentences. Id. at *3.

After our supreme court denied the petitioner's application for permission to appeal, the petitioner filed a petition for post-conviction relief, claiming that he received the ineffective assistance of trial counsel. The post-conviction court appointed counsel, and counsel amended the petition, claiming, in pertinent part, that the petitioner received the ineffective assistance of trial counsel because counsel failed to prepare for trial, failed to investigate the petitioner's case, and failed to meet with the petitioner adequately or allow the petitioner to be involved in his defense.

At the evidentiary hearing, the petitioner testified that he did not know the crimes "carr[ied] as much time as [they] did" and that trial counsel did not fully explain the possible ramifications of going to trial. The State offered to allow the petitioner to plead guilty in exchange for two eight-year sentences and one ten-year sentence, all to be served consecutively, but the petitioner turned down the offer. He said he did not remember the State's offering him a six-year sentence in return for his guilty plea. He stated that he did not know if his inability to remember the State's six-year offer was a result of his mental state or trial counsel's failure to tell him about the offer. He said that if counsel had told him about the six-year offer, he probably would have accepted it. The petitioner did not know if he was mentally healthy at the time of trial. He said that he was taking medication at the time of trial and that he currently was taking psychiatric medication and seeing a psychiatrist. However, prior to trial, he was not taking medication and did not receive a mental evaluation. At the time of the petitioner's arrest, he was using drugs, did not have a place to live, and spent most of his time in the Whitehaven area near Fairley High School. The petitioner did not think an investigator helped with his case, and counsel did not go over any discovery or evidence with him. The petitioner requested discovery but never received any. He said that despite an officer's trial testimony, he did not admit to committing the crimes.

On cross-examination, the petitioner testified that he did not remember giving counsel handwritten questions to ask witnesses at trial. He stated that he had a mental condition but that he did not know the name of the condition. He stated that if he had known about the State's six-year offer, he would not have gone to trial.

Trial counsel testified that he had been practicing law since 1984 and had tried criminal cases

previously. Counsel met with the petitioner "numerous times" before trial. The petitioner's case was reset sixteen times, and counsel met with the petitioner each time. Counsel also met with the petitioner in counsel's office and in the jail. He estimated that he met with the petitioner a total of twenty times. At first, the State offered to allow the petitioner to plead guilty in return for a ten-year and an eight-year sentence, to be served consecutively. The State later made a second offer. Counsel told the petitioner about the State's six-year offer, but the petitioner said he did not want any offer. The petitioner "was adamant that he wanted a trial," and counsel reviewed discovery with him. The trial court interviewed the petitioner prior to trial and told him about the State's six-year offer, but the petitioner wanted to go to trial. Regarding the petitioner's mental state, counsel said, "Today was the first time I heard about any kind of mental problems that Mr. Salter had." Counsel stated that the petitioner always acted rational and that the petitioner was very helpful during the trial. The petitioner wrote out questions for counsel to ask witnesses on the stand and helped pick a jury. Counsel talked with the petitioner about each part of the trial proceedings, and the petitioner seemed pleased with counsel's performance during the trial.

On cross-examination, counsel testified that he did not hire an investigator. The petitioner had fifteen or sixteen prior felony convictions, but counsel did not file a pretrial motion to prevent the jury from hearing about the petitioner's convictions in the event the petitioner decided to testify. The petitioner told counsel he had been living at Fairley High School and was lying on a stone bench when the van wrecked. The petitioner jumped up, and the police arrested him. Counsel said that the petitioner did not give the police a written statement and that he was surprised when a police officer testified at trial that the petitioner made statements about the crimes.

The petitioner's pro se and amended petitions for post-conviction relief did not raise any issues regarding the petitioner's mental state. However, in its written order, the post-conviction court addressed the petitioner's claim at the evidentiary hearing that counsel should have requested a pretrial mental evaluation because he was mentally unable to assist with his defense. The post-conviction court noted that trial counsel testified that he met with the petitioner about twenty times, that he discussed the case and discovery with the petitioner, and that the petitioner helped him extensively during the trial. The court also noted that counsel testified the petitioner never exhibited any signs of mental problems and that the petitioner testified he was taking his medications at the time of trial. Based upon the testimony, the post-conviction court concluded that the petitioner failed to show counsel rendered deficient performance for failing to have him undergo a mental evaluation. Regarding the petitioner's claim at the hearing that counsel failed to tell him about the State's six-year plea offer, the post-conviction court referred to counsel's testimony that he told the petitioner about the offer. The post-conviction court also stated that it had reviewed the transcript of the trial court's pretrial voir dire of the petitioner and that the transcript revealed the trial court informed the petitioner about the State's offer and the potential punishments if a jury convicted the petitioner. The post-conviction court concluded that the petitioner was "fully advised of the impact of going to trial" and that the petitioner wanted to go to trial. The post-conviction court denied the petition.

## II. Analysis

-3-

The petitioner contends that he received the ineffective assistance of counsel because his trial attorney failed to have him undergo a mental evaluation. He argues that a mental evaluation was necessary because he was unable to assist with his defense, did not understand the proceedings against him, and would have taken the State's six-year offer if he had understood the punishments he was facing. The petitioner also contends that he received the ineffective assistance of counsel because counsel failed to prepare adequately for trial, failed to investigate his case, and failed to discuss potential witnesses that might be helpful to the defense. The State contends that the post-conviction court properly denied the petition for post-conviction relief. We agree with the State.

To be successful in a claim for post-conviction relief, the petitioner must prove all factual allegations contained in the post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.2 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, we afford the post-conviction court's findings of fact the weight of a jury verdict, with such findings being conclusive on appeal absent a showing that the evidence in the record preponderates against those findings. Id. at 578.

A claim of ineffective assistance of counsel is a mixed question of law and fact. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). However, we will review the post-conviction court's conclusions of law purely de novo. Id.

"To establish ineffective assistance of counsel, the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). In evaluating whether the petitioner has met this burden, this court must determine whether counsel's performance was within the range of competence required of attorneys in criminal cases. See Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).

The petitioner claims that counsel was ineffective for failing to have him undergo a mental evaluation. In support of his argument, he contends that his testimony during the trial court's pretrial voir dire of him and the post-conviction evidentiary hearing demonstrates he did not understand the nature of the proceedings against him. However, as the post-conviction court noted, counsel testified that the petitioner never indicated he suffered from a mental condition that impacted his ability to assist with his defense. Counsel also testified that the petitioner helped him pick a jury and helped him during the trial. The post-conviction court obviously accredited counsel's testimony over that of the petitioner. Furthermore, we have reviewed the trial court's pretrial voir dire of the petitioner. The trial court repeatedly told the petitioner that if he accepted the State's offer, he would receive

a six-year sentence to be served at thirty percent and that if he went to trial and a jury convicted him, he was facing a much harsher punishment. The petitioner maintained that he wanted to go to trial. Although the petitioner contends that his mental condition prevented him from understanding the possible punishments he was facing, the petitioner failed to present a mental health expert at the evidentiary hearing to testify about his mental state. Therefore, we conclude that he has failed to show he was prejudiced by trial counsel's alleged deficient performance.

As to the petitioner's claim that counsel failed to prepare for trial, failed to investigate his case, and failed to discuss potential witnesses with him, counsel testified that he met with the petitioner about twenty times and went over discovery with him. Again, we note that the post-conviction court accredited counsel's testimony over that of the petitioner. The petitioner has failed to explain what more counsel should have done in his defense and failed to present any witnesses in support of his defense at the evidentiary hearing. Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). We conclude that he has failed to show that he received the ineffective assistance of counsel. The post-conviction court properly denied the petition.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE